IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE R. WRIGHT,<br><br>  Plaintiff,<br><br> v.<br><br>MICHAEL ASTRUE,*<br><br>  Defendant | No. C-06-4606 MMC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT; REMANDING FOR FURTHER PROCEEDINGS** |

  Plaintiff Lawrence R. Wright ("Wright") brings the above-titled action pursuant to 42 U.S.C. §405(g) to obtain judicial review of a final decision of the Commissioner of the Social Security Administration ("the Commissioner"). Before the Court is Wright's motion for summary judgment and the Commissioner's cross-motion for summary judgment. Pursuant to Civil Local Rule 16-5, the motions have been submitted on the papers without oral argument. Having considered the papers filed in support of and in opposition to the motions, the Court rules as follows.

**BACKGROUND**

  On November 18, 2003, Wright filed an application for disability benefits, alleging he has been unable to work since October 7, 2002, (see Transcript of Record ("Tr.") 49), as a

_____

  *Michael J. Astrue is substituted as defendant. See Fed. R. Civ. P. 25(d)(1).

result of "back and both hip injury," "collitis causing abdominal pain," and "acid reflux," (see Tr. 63). Wright's application was denied by the Social Security Administration initially, (see Tr. 22-25), and upon reconsideration, (see Tr. 28-32). Wright then requested a hearing before an administrative law judge ("ALJ"), alleging in such request that he could not work because of "a herniated bulging disc" and "constant pain" in his "shoulders, hips, and back." (See Tr. 33-35.)[1]

On March 17, 2005, the ALJ conducted a hearing. (See Tr. 14.) Thereafter, on October 27, 2005, the ALJ issued a decision, finding Wright was not entitled to benefits. (See Tr. 14-19.) In so doing, the ALJ analyzed Wright's claim under the SSA's five-step sequential evaluation process,[2] finding as follows: (1) Wright has not engaged in substantial gainful employment since 2002, (see Tr. 18); (2) Wright has a severe "musculoskeletal impairment," specifically, "degenerative disc disease" of the lumbar spine, (see Tr. 15); (3) Wright does not have an impairment that meets or equals a listed impairment, (see Tr. 15); (4) Wright can perform "work activity at the light exertional level with occasional stooping or crouching and a sit or stand option," and, consequently, cannot perform his past relevant work as a painter because such work requires a "medium" exertional level, (see Tr. 18); and (5) Wright can work as a "product assembler," which jobs exist in significant numbers within the national economy, (see Tr. 18, 19).

---

[1] At the administrative hearing, Wright confirmed he is no longer asserting he is unable to work because of colitis and/or acid reflux. (See Tr. 245.)

[2] "The Commissioner follows a five step sequential evaluation process in assessing whether a claimant is disabled.
   Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant in found not disabled. If not, proceed to step two.
   Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
   Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
   Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
   Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled."
McCartey v. Massanari, 298 F.3d 1072, 1074 n. 6 (9th Cir. 2002).

On December 13, 2005, Wright filed a Request for Review with the Appeals Council, which subsequently denied review. (See Tr. 4-6, 9.) Wright thereafter filed the instant action for judicial review.

**DISCUSSION**

In his motion for summary judgment, Wright argues, inter alia, that the ALJ erred at step three by not setting forth an explanation for his finding that Wright's impairments do not equal a listed impairment.

An award of benefits is required if a claimant's impairments meet or equal a listed impairment. See 20 C.F.R. §404.1520(d). The listing on which Wright relied is contained in 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 1.04, specifically, "degenerative disc disease . . . resulting in compromise of a nerve root (including the cauda equina) or the spinal cord," with "nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)." See 20 C.F.R. Pt. 404, Subpt. P, App.1 § 1.04.

As noted, Wright does not argue his impairments meet such listing; rather, Wright argues his impairments equal the listing. Equivalence is determined by comparing the "symptoms, signs and laboratory findings" pertaining to the claimant "with the medical criteria shown with the listed impairment." See 20 C.F.R. §404.1526(a). In determining equivalency under step three, "the ALJ must explain adequately his evaluation of alternative tests and the combined effects of the impairments." See Marcia v. Sullivan, 900 F. 2d 172, 176 (9th Cir. 1990). A statement that a claimant does not equal the listing is insufficient. See id. Rather "[a]n examiner's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision." See Lewin v. Schweiker, 654 F. 2d 631, 634 (9th Cir. 1981) (internal quotation and citation omitted).

Here, Wright offered medical evidence that, if credited, could support a finding of equivalence, specifically, the Declaration of Kenneth Gjeltema, M.D. (See Tr. 115-16.) Although the ALJ's opinion includes a finding that "[Wright's] severe impairment does not . . . equal any listed impairment," (see Tr. 19), the ALJ did not set forth any reasoning for such conclusion.[3]

Under such circumstances, the Court finds the ALJ's statement that Wright's impairment did not equal the above-referenced listing is insufficient, and, accordingly, will grant Wright's motion, deny the Commissioner's cross-motion, and remand the matter for proper consideration of step three equivalence. See Marcia, 900 F. 2d at 176 (holding finding by ALJ that claimant "failed to provide evidence of medically determinable impairments that meet or equal the Listings" insufficient; remanding for further proceedings).[4]

**CONCLUSION**

For the reasons stated, Wright's motion for summary judgment is hereby GRANTED, and Commissioner's cross-motion is hereby DENIED, and the matter is hereby REMANDED for further proceedings consistent with this order.

**IT IS SO ORDERED.**

Dated: March 26, 2008

_____
MAXINE M. CHESNEY
United States District Judge

---

[3] In his cross-motion, the Commissioner sets forth a theory as to why Wright's evidence is insufficient. The Court, however, does not review the record de novo; rather, the Court reviews the reasoning set forth by the ALJ. See SEC v. Chenery Corp., 332 U.S. 194, 196 (1947) (holding where reviewing court evaluates administrative agency's decision, court reviews decision "solely" on grounds invoked by agency).

[4] In light of this finding, the Court does not address Wright's additional arguments, each of which pertains to step five. If the ALJ determines Wright is not entitled to benefits at step three, the ALJ is not precluded from addressing any other asserted deficiency noted in Wright's motion for summary judgment.